IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGEL ESCOBEDO, #47362-177, | § § | |
| MOVANT, | § § | |
| v. | § § § | CASE NO. 3:16-CV-2616-B-BK (CRIMINAL NO. 3:13-CR-0467-B-1) |
| UNITED STATES OF AMERICA, RESPONDENT. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for findings and a recommended disposition. As detailed herein, the motion should be **DENIED**.

**I.   BACKGROUND**

In 2014, Movant Angel Escobedo pled guilty to conspiring to possess with intent to distribute methamphetamine and was sentenced to 235 months' imprisonment and a four-year term of supervised release. Crim. Doc. 44. His direct appeal was dismissed as barred by his waiver of appeal. Crim. Doc. 58. Escobedo subsequently filed this timely, *pro se* Section 2255 motion, asserting ineffective assistance of counsel. Doc. 2. The Government filed a response in opposition. Doc. 7. In his reply, Escobedo did not rebut the government's argument and requested instead an evidentiary hearing. Doc. 8 at 2-3. Afterward, Escobedo amended his Section 2255, with leave of Court, purportedly to expand on the arguments raised in his initial

motion, and the Government filed a supplemental response addressing the new and amended claims. Doc. 13; Doc. 14; Doc. 15.

Upon review, Escobedo has failed to show that counsel was ineffective. Thus, his Section 2255 motion fails on the merits.[1]

## II.   ANALYSIS

To establish ineffective assistance of counsel, a movant must demonstrate counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id*. at 697.

To prove the deficient performance prong of the *Strickland* test, movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id*. at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*.

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the context of ineffective assistance of counsel at sentencing, movant must demonstrate that his sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-204 (2001).

---

[1] Because the Section 2255 motion has no merit, the Court does not reach the Government's alternative argument that some of the claims are time barred.

### A. Failure to Object to the Indictment[2]

Escobedo asserts defense counsel rendered ineffective assistance by not challenging the indictment's failure to "state an amount of drugs" or allege "methamphetamine-actual" or "ICE." Doc. 2 at 10-11. Escobedo avers that, as a consequence, he was "not sufficiently aware . . . of his actual punishment" and was sentenced under the higher penalty provisions of 21 U.S.C. § 841(b)(1)(a), rather than those found in Section 841(b)(1)(C). *Id.* Escobedo also argues that: (1) "the Grand Jury only indicted [him] for conspiracy . . . with no other statute attached to Subsection 846," (2) there was no evidence of conspiracy because he was arrested alone, and (3) counsel failed to file a bill of particulars. Doc. 14 at 10-12.

The sole count of the Indictment charges that Escobedo conspired with others to "commit certain offenses against the United States, to-wit: possess with the intent to distribute and to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *In violation of 21 U.S.C. § 846.*" Crim. Doc. 12. Thus, Escobedo is clearly mistaken that the indictment references only section 846. Moreover, the Plea Agreement, Factual Resume, Rearraignment Transcript, Presentence Report ("PSR"), and Sentencing Transcript specifically reference a maximum term of imprisonment of 20 years under 21 U.S.C. § 841(b)(1)(C). *See* Crim. Doc. 26 at 2; Crim. Doc. 28 at 2; Crim. Doc. 54 at 15; Crim. Doc. 38-1 at 1; Crim. Doc. 55 at 35. In addition, Escobedo was sentenced to less than 20 years' imprisonment. Thus, his claim that he

---

[2] Although Escobedo has not challenged the voluntariness of his guilty plea, which waived all non-jurisdictional defects in the proceedings, the Court nonetheless addresses the merits of his underlying allegations for the sake of judicial economy.

was sentenced under 21 U.S.C. § 841(b)(1)(A), which carries a maximum imprisonment term of life, is plainly refuted by the record.

Furthermore, under Section 841(b)(1)(C), the Government was not required to allege the drug quantity in the indictment. *See United States v. Randle*, 304 F.3d 373, 376 (5th Cir. 2002) (holding drug quantity must be alleged in the indictment and proved to a jury if the government seeks enhanced penalties based on quantities under Section 841(b)(1)(A) or (b)(1)(B) (citing *United States v. Doggett,* 230 F.3d 160, 163 (5th Cir. 2000)). Likewise, there was no legal requirement that the indictment specify whether the subject drug was methamphetamine, methamphetamine-actual or ice, as the purity determination is relevant only to the calculation of the applicable Guidelines range and is not an element of the offense necessary to the determination of guilt or innocence. *See United States v. Molina*, 469 F.3d 408, 414 (5th Cir. 2006) (holding that where a defendant pleads guilty to an offense involving a mixture or substance containing methamphetamine, the Guidelines "offense level [is] determined by the weight of the pure methamphetamine in the mixture or substance if doing so would result in a higher offense level"). Finally, there is no legal requirement that the indictment charge the object of the conspiracy as a separate, substantive offense. *See United States v. Threadgill*, 172 F.3d 357, 367 (5th Cir. 1999) ("It is settled law that conspiring to commit a crime is an offense wholly separate from the crime which is the object of the conspiracy. Thus, . . . a conspiracy charge need not include the elements of the substantive offense the defendant may have conspired to commit." (cited cases omitted)). In this case, however, the indictment clearly alleges that the object of the conspiracy was to "possess with the intent to distribute and to distribute a mixture or substance containing a detectable amount of methamphetamine, a

Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C)." Crim. Doc. 12.

Because the indictment was not defective, any objection by counsel would have been futile. Counsel cannot be deemed ineffective for failing to make a futile objection. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness." (quotations and quoted case omitted)).

Relatedly, Escobedo also cannot show that counsel was constitutionally ineffective in failing to file a bill of particulars "to bring forth evidence of a conspiracy, or evidence of co-conspirators" because he "was charged and arrested by himself along [sic] in a single man indictment." Doc. 14 at 12. It is of no moment that he was the only person arrested and charged with the conspiracy. *See Rogers v. United States*, 340 U.S. 367, 443 (1951) (holding that while "at least two persons are required to constitute a conspiracy, . . . the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of conspiring with persons whose names are unknown"); *United States v. Thomas*, 348 F.3d 78, 83-84 (5th Cir. 2003) (finding indictment was sufficient even though it did not name any co-conspirators). Second, because the indictment adequately informed Escobedo of the charge, so as to permit him to prepare his defense, a bill of particulars was not necessary.

Consequently, having failed to demonstrate either deficient performance or resulting prejudice, Escobedo's claim fails.

### B. Failure to Object to Final Base Offense Level

Escobedo asserts that his base offense level should have been 34 not 36 after the Court sustained his first four objections to the PSR, and his attorney was ineffective for failing to

object on that ground. Doc. 14 at 2-3. However, Escobedo simply misapprehends the Court's ruling sustaining his objections, which had no impact on the calculation of his base offense level.

As reflected in the PSR, an unindicted co-conspirator alleged that he paid Escobedo $13,000 for 20 ounces of methamphetamine that was not delivered. Crim. Doc. 38-1 at 8, PSR ¶ 36. As the parties agreed, even without the drugs attributable to the $13,000 allegedly paid him, Escobedo was still responsible under the Guidelines for more than the 10,000 kilograms of marijuana equivalent that corresponded to base offense level 36. Crim. Doc. 55 at 5-8, 33-34; *see also* Crim. Doc. 38-1 at 9-10, PSR ¶¶ 38-40, 49; Crim. Doc. 41-1 at 1-2, PSR Addendum; Crim. Doc. 45 at 1, Statement of Reasons (adopting PSR and Addendum). Thus, contrary to Escobedo's assertion, an objection by counsel to the base offense level would have been futile. Again, counsel cannot be deemed ineffective for failing to make a futile objection. *See United States v. Lewis*, 467 F. App'x 298, 299 (5th Cir. 2012) (per curiam) (counsel not ineffective for failure to make a meritless guideline objection).

Likewise, counsel was not constitutionally ineffective for failing to object to Escobedo's other frivolous guidelines challenges. Escobedo pled guilty to conspiracy under Section 846, for which penalties are found in Section 841. The base offense level for all drug trafficking offenses, including section 846 conspiracies and substantive offense is calculated under U.S.S.G § 2D1.1(c)(2) ("Drug Quantity Table"). Under the 2013 Guidelines manual that applied when Escobedo was sentenced in September 2014, the drug amount for which he was held responsible corresponded to offense level 36. Doc. 14 at 5; *see* U.S.S.G. § 2D1.1(c)(2) (2013); Crim. Doc. 38-1 at 10, PSR ¶ 48. Moreover, because he was found to be in possession of two firearms, the base offense level was correctly increased by two levels under U.S.S.G. § 2D1.1(b)(1). Doc. 14 at 5; Crim. Doc. 38-1 at 11, PSR ¶ 50. There was no legal requirement that Escobedo be

separately charged with firearm possession for the enhancement to apply. *See* U.S.S.G. § 1B1.3 (summarizing relevant conduct factors used to determine the guideline range). Additionally, Escobedo's conclusory claim that he was coerced into accepting a two-level offense level reduction under the 2014 Drug Guidelines Amendment before it went into effect is wholly unsupported and meritless. Doc. 14 at 5-8. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

### C. Failure to Object to Enhancement for Maintaining a Premises

Lastly, Escobedo maintains counsel was ineffective for presenting the wrong argument in support of an objection to the two-level enhancement for maintaining drug-trafficking premises. Doc. 2 at 13. He contends that counsel should have argued "that one instance of drug storage at this residence or motel room does not qualify as a sustained period of time." Doc. 2 at 16. However, as the government correctly notes, defense counsel questioned the investigator about Escobedo's maintenance of the premises and how long he had been there. Crim. Doc. 55 at 22-23, 27-28. That notwithstanding, the Court found sufficient evidence of ongoing drug transactions at the motel room—not a one-time occurrence as Escobedo contends. Crim. Doc. 55 at 32-33. Consequently, his claim fails on the prejudice prong because, based on this record, there is no support for the contention that the Court would have ruled differently based on the additional/alternative argument.

### III. EVIDENTIARY HEARING

In his reply, Escobedo asserts he is entitled to an evidentiary hearing. Doc. 8 at 2-3. He maintains the record is insufficient to determine his claims and his assertions raise contested factual issues. Escobedo is not entitled to an evidentiary hearing, however. "When the files and

records of a case make manifest the lack of merit of a section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)). Accordingly, because Escobedo's claims lack merit for the reasons stated above, no evidentiary hearing is required in this section 2255 proceeding.

### IV.   CONCLUSION

Escobedo has failed to demonstrate his counsel was ineffective. Therefore, his Section 2255 Motion should be **DENIED,** and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED,** January 14, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).